UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                                 CR 16-1098 WJ

BRANDON MAESTAS,

                Defendant,

## ORDER GRANTING CONTINUANCE OF TRIAL AND PRETRIAL DEADLINES

**THIS MATTER** is before the Court on Defendant's Unopposed Motion to Continue Trial and All Corresponding Deadlines for at least 60 Days, and Unopposed Motion to Enlarge Time in Which to File Pre-Trial Motions for at Least 60 Days or at Least Until August 19, 2016.   The Court, having considered the motions and noting that the U.S. Attorney does not oppose the motions, finds that the motions are well taken and will be granted.   The Court specifically finds, pursuant to 18 U.S.C. § 3161 (h)(7)(A), that the ends of justice served in granting a continuance outweigh the best interest of the public and the Defendant in a speedy trial.   Defendant gives the following reasons pursuant to 18 U.S.C. § 3161(h)(7)(A) and in accordance with *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009):

     1) Assistant United States Attorney Paul Mysliwiec was contacted and on June 15, 2016 and does not object to the granting of these motions.

     2) The Defendant is in custody.

     3) Defendant has filed herewith his Unopposed Motion to Enlarge Time in Which to File Pre-Trial Motions for At Least 60 Days or At Least until August 19, 2016 [Doc. 21], which Defendant incorporates herein by reference.

4) Said motion states that defense counsel sent two separate written requests for discovery items to the Government requesting materials that are clearly required to be produced and necessary for preparation to a defense, to which the Government has responded they will try to address those specific issues as soon as possible.

5) Further, defense counsel was informed on this date, June 15, 2016, that a number of additional encrypted discs containing discovery are being sent via U.S. mail. Defense counsel expects to receive this discovery by next week.

6) Therefore, defense counsel will need additional time to review the additional discovery, confer with Defendant, and determine what investigation and legal research is necessary prior to drafting and filing pre-trial motions.

7) Should the Court grant Defendant's Unopposed Motion to Enlarge Time in Which to File Pre-Trial Motions for at least 60 Days or at least until August 19, 2016, the new motions deadline would be beyond the current trial setting.

8) The Defendant, Brandon Maestas, has been advised of his rights under the Speedy Trial Act. The Defendant has determined that he will waive or toll the running of the time limits in this case, pursuant to the Speedy Trial Act, if necessary, in order to allow the Government to address the two separate written requests for discovery items made by defense counsel, allow defense counsel time to review the additional encrypted discs containing discovery which have been sent via U.S. mail by the Government to defense counsel on this date, June 15, 2016, and determine what pre-trial motions will need to be filed, and whether additional discovery investigation and research will be necessary.

9) For the reasons stated above, the ends of justice will be served by a continuance of the trial setting outweighing the interest of the public and the Defendant in a speedy trial, 18 U.S.C.

§3161(h)(8)(a).

IT IS THEREFORE ORDERED that the Defendant's Unopposed Motion to Continue

Trial and All Corresponding Deadlines for at Least 60 Days (Doc. 22) is granted.   The Jury

Selection/Trial of July 5, 2016, is vacated and rescheduled for October 3, 2016, at 9:00 a.m., on a

trailing docket, Bonito Courtroom, before Judge William P. Johnson in Albuquerque, NM.   The

period of delay resulting from this continuance shall be excluded, pursuant to 18 U.S.C. § 3161

(h)(7)(A), from the time limitations set forth within 18 U.S.C. § 3161(c)(1).

IT IS FURTHER ORDERED that the Call of the Calendar of June 29, 2016, is vacated

and rescheduled for September 28, 2016, at 3:00 p.m., Bonito Courtroom, before Judge William P.

Johnson in Albuquerque, NM.

IT IS FURTHER ORDERED that Defendant's Unopposed Motion to Enlarge Time in

Which to File Pre-Trial Motions for at Least 60 Days or at Least Until August 19, 2016 is granted,

and the motion deadline is hereby extended until August 19, 2016.

IT IS FINALLY ORDERED that counsel shall adhere to the instructions as set forth in

the following attachments including "Preparation for Trial Before the Honorable William P.

Johnson."

_____
UNITED STATES DISTRICT JUDGE

## ATTACHMENTS:

"Preparation for Trial Before the Honorable William P. Johnson" (includes guidelines for preparation of proposed jury instructions.)

## JURY INSTRUCTIONS AND MOTIONS IN LIMINE DEADLINES:

- Jury Instructions due 2 weeks prior to trial.
- Motions in Limine due 14 calendar days prior to trial.   Responses due 10 calendar days prior to trial.

**Please refer to the attached "Preparation for Trial Before the Honorable William P. Johnson" for additional deadlines.**

## OTHER INSTRUCTIONS/MOTION TO CONTINUE TRIAL DEADLINE:

**Motions for continuance in criminal cases must satisfy the enumerated factors set forth in 18 U.S.C. § 3161(H)(7)(A).   In cases involving multiple defendants, counsel must file a joint motion for continuance with all counsel approving said motion.   MOTIONS TO CONTINUE MUST COMPLY WITH THE SPECIFIC REQUIREMENTS SET FORTH IN *UNITED STATES V. TOOMBS,* 574 F.3D 1262 (10TH CIR. 2009). THE MOTION "MUST CONTAIN AN EXPLANATION OF WHY THE MERE OCCURRENCE OF THE EVENT IDENTIFIED BY THE PARTY AS NECESSITATING THE CONTINUANCE RESULTS IN THE NEED FOR ADDITIONAL TIME."   *ID.* AT 1271. MOTIONS CONTAINING SHORT, CONCLUSORY STATEMENTS REGARDING THE REASON A CONTINUANCE IS REQUESTED ARE INSUFFICIENT UNDER *TOOMBS* AND WILL BE SUMMARILY DENIED BY THE COURT.**

**TO CONSERVE JUDICIAL RESOURCES, ALL MOTIONS TO CONTINUE MUST BE FILED NO LATER THAN 12:00 PM ON SEPTEMBER 19, 2016.**

## TRAILING TRIAL DOCKET:

Counsel are referred to the trailing docket of cases as they appear for jury/selection trial on the Public Court Calendar for October 3, 2016.   The order in which cases appear on the Court Calendar does not necessarily reflect the order in which cases will be tried.

# *PREPARATION FOR TRIAL*
## *BEFORE THE HONORABLE WILLIAM P. JOHNSON*

**A.**     **GENERAL TRIAL PREPARATION**:

*Trial Counsel, your compliance with the following is required:*

1.     Trials will begin at 9:00 a.m.   Be on time for each court session.   Trial engagements take precedence over any other business.   If you have matters in other courtrooms, make other arrangements in advance for the handling of such matters.

2.     A multi-day jury trial will recess at about 5:00 p.m.

3.     No recess to locate a missing witness will be allowed, unless the witness has been timely subpoenaed.   Clients and witnesses are to be on time.

4.     Stand when you speak.   Do not refer to any party or attorney by their first name.   Always use surnames.   Do not argue with opposing counsel in the presence of the jury.

5.     In opening statement, present a concise summary of the facts. Do not argue the facts nor discuss law.   Do not describe in detail what particular witnesses will say.   The time for opening statement will be limited.

6.     When you object in the presence of the jury, make it short and to the point.   Do not argue its merits in the presence of the jury.   Do not argue the ruling in the presence of the jury.

7.     Stand a respectful distance from the jury at all times.

8.     In final argument, you may paraphrase an instruction but do not quote extensively from any instruction.   Do not tell the jurors they can have the exhibits or instructions.

9.      Parties should notify the Court at least <u>two</u> weeks in advance of trial if they require audio-visual or other special equipment.   Parties are responsible for operating any of this equipment.

10.     Throughout these instructions, the term "trial" refers to the initial jury selection date. **Counsel must seek leave of the Court in the form of a written motion to extend any pretrial deadline**.

11.     Where a submission deadline falls on a holiday, the deadline becomes the next working day after the holiday.

**B.      <u>PERTAINING TO CIVIL CASES:</u>**

**<u>Exhibits</u>**

1.      On or before **TWENTY (20)** calendar days before trial, counsel for each party shall file with the Court and provide to opposing counsel, a proposed exhibit list.   Charts, plats, diagrams, etc., will be marked and ready as to measurements, landmarks, and other identifying factual material before trial.   Counsel are strongly encouraged to stipulate to exhibits wherever possible, particularly regarding their authenticity.

2.      Exhibits shall be marked and identified (Plaintiff's on *yellow* labels by *numbers* and Defendant's on *blue* labels by *letters*, e.g., A,B,C, . . . AA, AB, AC). Use of exhibit notebooks (Plaintiff's and Defendant's) are encouraged for those exhibits to which neither party has objections.

3.      **TEN (10)** calendar days before trial, counsel for each party shall file with the Clerk a complete list of all objections to the exhibits offered, specifying the Rule of Evidence or other legal authority upon which an objection is based.

## Witnesses

1.      Furnish a complete list of witnesses (an original and three copies) in the order to be called to opposing counsel and file with the Clerk no later than **TWENTY (20)** calendar days before trial, in conformance with the Pretrial Order.

2.      Clients and witnesses are expected to be on time, and counsel should always have witnesses available to fill a full trial day (*i.e.*, 8:30 AM - 5:00 PM).   Counsel who do not have a witness available may be penalized.

3.      All expert reports must have been exchanged in advance in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.   As in other areas, cumulative expert testimony will not be permitted.   Challenged pursuant to *Daubert* shall be made prior to the dispositive motions deadline as set forth in the Initial Pretrial Report; that is, ***Daubert* motions are to be fully briefed no later than the date designated as the dispositive motion deadline.**

## Depositions

1.      Consistent with the Federal Rules of Civil Procedure, depositions may be introduced into evidence.   Objections to use of deposition testimony are due within **FOURTEEN (14)** calendar days of service of the witness list.   The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least **FIVE (5)** calendar days before trial.

2.      If a deposition is used in part, counsel shall mark the parts to be used for opposing counsel. The court copy shall be marked.   Plaintiff will use *yellow* marker and Defendant *blue* marker.   This does not apply to cross-examination or rebuttal.

## Memoranda of law

Trial briefs outlining the basic legal theories, anticipated evidence in support of such

theories, and the legal basis of any anticipated evidentiary disputes may be filed with the Clerk at least **SEVEN (7**) calendar days before trial.

### Joint Statement of the Case

The parties shall submit a brief joint statement of the case ***TWO WEEKS*** prior to jury selection, to be submitted together with the JURY INSTRUCTIONS.

### Non-jury trials:   Findings of fact

Parties are to submit proposed Findings of Fact and Conclusions of Law at least **TEN (10)** working days before the trailing docket is set to begin, with references to exhibits and proposed testimony.

**C.** **PERTAINING TO CRIMINAL CASES:**

1. The Government will provide Defendant notice of potential Rule 404(b) or Rule 609(b) evidence not less than **FOURTEEN (14)** calendar days in advance of trial.

2. It will facilitate an orderly and efficient trial for counsel to exchange and file with the Court witness and exhibit lists **TEN (10)** working days prior to trial so that evidentiary problems can be anticipated and resolved correctly.   In the event this requirement poses a danger to potential witnesses or for other good cause, the parties should approach the Court to seek relief from this requirement prior to the deadline.

3. Those exhibits which are not stipulated to shall be identified in sufficient detail to allow the Court to anticipate significant evidentiary problems.

4. Counsel will not get into possible areas of reversible error without prior Court approval, whether in opening or questioning witnesses   (e.g., comment on a defendant's silence, invocation of constitutional rights, Rules 404(b), 608 or 609 material, etc.).

**5.**      Any exhibits not admitted at the beginning of trial may not be shown to the jury or testified to, regarding the contents of such exhibit, by the witness unless and until they are admitted.

**D.**      **PERTAINING TO CIVIL AND CRIMINAL CASES**

1.      JURY TRIALS:   **Jury instructions** shall be submitted to the Court in accordance with the section entitled "Preparation of Jury Instructions" contained herein.

2.      VOIR DIRE:   In the average case, each counsel will be permitted **TEN (10)** minutes to voir dire the venire panel.   **Do not argue the case or cite legal principles in your voir dire**.   Requested voir dire shall be exchanged between counsel and shall be filed with the Clerk's Office at least **TEN (10)** calendar days before the case is scheduled for jury selection.   If counsel cannot agree on proposed voir dire, any objections must be brought to the Court's attention at least **FIVE (5)** calendar days prior to jury selection.

3.      MOTIONS IN LIMINE: **Motions in Limin**e shall be filed no later than **FOURTEEN (14)** calendar days before trial for ruling.   Responses are due **TEN (10)** calendar days before trial.   If a motion in limine is filed earlier than 14 days before trial, the response is due five (5) days after the motion is served.   Replies to motions in limine will not be entertained unless specifically requested and allowed.

**E.**      **PREPARATION OF JURY INSTRUCTIONS - Civil and Criminal Cases**

*Prepare your proposed jury instructions in accordance with these directions.   File the proposed jury instructions with citations with the Clerk's office in accordance with D.N.M. LR-Cv 5.1 at least* **TWO WEEKS** *before trial is scheduled.*

Parties shall meet and confer in advance of the deadline to agree on as many instructions as

possible.   **PARTIES SHALL SUBMIT A SET OF MUTUALLY ACCEPTABLE JURY INSTRUCTIONS ON THE SUBSTANTIVE CLAIMS, OR BE PREPARED TO SUBMIT A LEGAL BASIS FOR THEIR OBJECTIONS TO EACH INSTRUCTION ON WHICH THEY DON'T AGREE.**

For CIVIL cases only, parties shall file **written objections** to opposing parties' submitted instructions.   These objections are due three working days after jury instructions are due.   This does NOT apply to criminal cases.   Written objections are not required in criminal cases unless specifically requested by the Court.

The **Joint Statement of the Case** should be submitted at the same time the jury instructions are submitted, but should be filed separately.

Plaintiff and Defendant shall each file a numbered, **annotated** set of requested jury instructions at least **two weeks** before trial is scheduled.   Parties should also submit a Joint Statement of the Case at the same time they submit requested instructions, as a separate document.   If the parties can not agree on a Joint Statement of the Case, parties should submit separate proposed Statements.

Plaintiff and Defendant shall each submit the requested jury instructions, as well as the Joint Statement of the Case, to the Court through the email address on the chambers web page for proposed orders, accessed through the Court's external web site (**www.nmcourt.fed.us**)   The requested instructions and Joint Statement of the Case must be submitted in WordPerfect or Rich Text format.

Jury instructions without citations are no longer needed.

Directions regarding submission of STOCK instructions:   For CIVIL cases, parties should not submit stock instructions.   Instead, parties should refer to the Court's approved set of stock instructions, available on the chambers web page under "Stock Civil Jury Instruction."   Parties should include a separate page with a list of requested stock

instructions as each is described at the bottom of the web site instructions.   For CRIMINAL cases, parties should refer to Tenth Circuit Pattern instructions.

Submit no more than one instruction per page.

Carefully proofread each instruction for errors in spelling, grammar, punctuation, and citations, and for unintended deviations from pattern instructions used as sources.

Submit a cover sheet on all sets of instructions.

(PLTF'S) OR (DEFT'S)
INSTRUCTION NO. 1

Members of the Jury,

You have now heard all of the evidence
in the case and will soon hear the final
arguments of the lawyers for the parties.

It becomes my duty, therefore, to

## WITNESS/EXHIBIT LIST

| [INSERT NAME OF PARTY SUBMITTING EXHIBITS ʙ Government or Defendant] | | [Party] v. [Party] |
|---|---|---|
| Presiding Judge:   **William P. Johnson** | Court Reporter:   M. Loughran | Courtroom Deputy: R./M. Garcia |

| Pltf No. | Deft Ltr. | Witness | Date Off. | Obj. | Adm. | Description of Exhibits |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |